**Willie B. PATRICK, Jr.,**
**Plaintiff–Appellant,**

v.

**Ray CLARY; Matthews, Nurse; Watsons, Nurse; Steelman, Nurse,**
**Defendants–Appellees.**

No. 03–30455
Summary Calendar.

United States Court of Appeals,
Fifth Circuit.

Dec. 23, 2003.

Willie B. Patrick, Jr., pro se, Winnfield, LA, Plaintiff–Appellant.

Neal G. Johnson, Johnson & Colvin, Lafayette, LA, for Defendants–Appellees.

Before SMITH, DeMOSS, and STEWART, Circuit Judges.

PER CURIAM:*

Willie B. Patrick, Jr., Louisiana prisoner # 128664, appeals from the district court's

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under

the limited circumstances set forth in 5TH CIR. R. 47.5.4.

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be

summary-judgment dismissal of his 42 U.S.C. § 1983 claim for failure to treat his glaucoma.

Patrick has not proffered competent summary-judgment evidence showing that there is a genuine issue of material fact as to his civil rights claim. Based on the record before us, a reasonable jury could not conclude that Ray Clary, Linda Matthews, Tonya Watson, or Linda Steelman was deliberately indifferent to his serious medical needs. *See Domino v. Texas Dep't of Criminal Justice*, 239 F.3d 752, 756 (5th Cir.2001). Unsuccessful medical treatment, acts of negligence, neglect, or medical malpractice are insufficient to give rise to a 42 U.S.C. § 1983 cause of action. *Varnado v. Lynaugh*, 920 F.2d 320, 321 (5th Cir.1991). This court AFFIRMS the judgment of the district court and DENIES Patrick's motions.